**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN WILLIAM KING, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, official capacity; et al., <br><br> Defendants-Appellees. | No. 14-55718 <br><br> D.C. No. 2:12-cv-05221-AG-VBK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Kevin William King appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional claims and

violations of California regulations arising from his custody in Los Angeles

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

County Sheriff's Department's ("LASD") Men's Central Jail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003) (dismissal for lack of subject matter jurisdiction or failure to exhaust administrative remedies); *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)). We may affirm on any basis supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

The district court properly dismissed King's First Amendment claims because King failed to allege facts sufficient to show that he was deprived of access to mail correspondence, telephone, visitation, or the jail's law library in violation of his constitutional rights. *See Hebbe*, 627 F.3d at 341-42 (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir. 2015) (elements of a § 1983 claim). We reject as unsupported by the record King's contention that the magistrate judge failed to state a basis for dismissal of his claim for denial of visitation.

Dismissal of King's Eighth Amendment false imprisonment claim was proper because King failed to allege facts sufficient to show a deprivation of his rights. *See Naffe*, 789 F.3d at 1036 ("Dismissal of a § 1983 claim following a Rule

12(b)(6) motion is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of either element [of a § 1983 claim].”); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (liability under § 1983 requires showing of personal participation in the alleged rights deprivation).

Dismissal of King’s claims against LASD under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and Jackson and Corbett in their official capacities, was proper because King failed to allege facts sufficient to show a policy or custom of LASD resulting in a constitutional violation. *See id.* at 694, 690 (official capacity suits “represent only another way of pleading an action against an entity of which an officer is an agent”); *see also Castro v. County of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (en banc) (municipal liability requires “direct causal link” between a municipal policy or custom and the alleged constitutional deprivation).

Dismissal of King’s claims alleging violations of Title 15 of the California Code of Regulations was proper because the cited regulations do not create a private right of action. *See Thurman v. Bayshore Transit Mgmt., Inc.*, 138 Cal. Rptr. 3d 130, 147 (Ct. App. 2012) (“Only the Legislature, through enactment of a statute, can create a private right of action to directly enforce an administrative regulation . . . .”).

14-55718

In light of our disposition, we do not consider King's claims for punitive damages or whether King exhausted his administrative remedies.

We do not consider King's due process arguments raised for the first time in his reply brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (appellate court will not consider issues not properly raised before the district court and arguments not raised in the opening brief are deemed waived).

**AFFIRMED.**